UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory McMillen (#N-12324), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12 C 5110 |
| | ) | |
| Annette Bradfield, et al., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Court Judge:

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a work supervisor at the Stateville Correctional Center, violated the plaintiff's constitutional rights by retaliating against him for complaining about work conditions. More specifically, the plaintiff alleges that the defendant initiated false discipline and fired him from his job assignment after the plaintiff persisted in asking that a dangerous defect in the floor be fixed.

In May 2013, the defendant filed a motion for summary judgment. Although granted three months in which to do so, *see* briefing schedule entered June 13, 2013, and minute entry of July 16, 2013, the plaintiff has not responded to the motion. For the reasons stated in this order, the defendant's uncontested motion for summary judgment is granted.

LOCAL RULE 56.1

Together with her motion for summary judgment, the defendant included a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" [document no. 31], as required by circuit precedent. That notice explained in detail the requirements of the Local Rules governing

summary judgment and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In view of the plaintiff's failure to respond to the defendant's motion, the court finds that the following facts, all supported by the record, are undisputed for purposes of the summary judgment motion:

The plaintiff, Gregory McMillen, is an Illinois state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. (Defendant's Statement of Facts, ¶ 1.) The defendant, Annette Bradfield, is and was a corrections food service supervisor at Stateville. (*Id.*, ¶ 2.)

At the time of the events giving rise to this lawsuit, the plaintiff was employed as a prison cook. (*Id.*, ¶ 5.) Inmate cooks at Stateville perform the usual kitchen duties one might expect in such a setting. (*Id.*, ¶ 6.) As food supervisor, the defendant oversees food preparation and serving, as well as enforces, disciplinary, sanitary, security, and custodial measures. (*Id.*, ¶ 7.). The defendant, a female, supervises convicted male offenders who handle knives, cutlery, and industrial bake- and cookware. (*Id.*)

In June 2010, the plaintiff fell on a defective concrete slab while working in the kitchen. (*Id.*, ¶ 9.) The plaintiff filed a grievance regarding his injuries and the lack of medical care. (*Id.*, ¶ 10.) The defendant was not named in the grievance. (*Id.*) Prior to the instant action, the plaintiff had never filed any lawsuits against the defendant. (*Id.*, ¶ 17.)

The plaintiff continued to work as a kitchen cook following the accident and grievance. (*Id.*, ¶ 11.) Whenever the plaintiff told the defendant that he needed medical attention, she would escort him to the health care unit. (*Id.*)

The plaintiff repeatedly failed to follow the defendant's instructions properly. (*Id.*, ¶ 12.) On many occasions, the plaintiff would react with hostility when the defendant reprimanded her. (*Id.*)

In May 2011, some eleven months after the plaintiff injured himself on the flawed floor, he engaged in what the defendant characterizes as "intimidating behavior" toward her following a series of reprimands. (*Id.*, ¶ 13.) The plaintiff's demeanor was "snariling" and he began slamming cookware. (*Id.*) The plaintiff admittedly became "emotional," and he hit his fist on the table in response to the defendant's criticism. (*Id.*)

On May 29, 2011, the defendant issued the plaintiff a disciplinary report charging him with two offenses: (1) intimidation or threats and (2) insolence. (*Id.*, ¶ 14.) As the original disciplinary report misstated the plaintiff's inmate identification number, the defendant issued a revised disciplinary report ten days later correcting the error. (*Id.*, ¶ 15.) Because the second disciplinary report was served more than eight days after the commission of the alleged offenses, the ticket was expunged in accordance with prison rules. (*Id.*) Nevertheless, notwithstanding the dismissal of the disciplinary report, the plaintiff lost his job in the inmate kitchen. (Complaint, p. 5.)

In August 2011, the plaintiff was placed in a new job assignment. (*Id.*, ¶ 16.)

## **SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the

court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

## **ANALYSIS**

No material facts are in dispute, and the defendant has established that she is entitled to judgment as a matter of law. The defendant has articulated a non-retaliatory basis for the disciplinary action, and the plaintiff has failed to demonstrate that a triable issue exists as to whether the proffered reason was pretextual.

To establish a *prima facie* case of retaliation, an inmate must produce evidence that: (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012) (clarifying allocation of evidentiary burdens at summary judgment in light of *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)); *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011) (same). In the case at bar, the plaintiff has arguably satisfied these three elements.

First, grieving about prison conditions is, of course, protected First Amendment activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Prisoners are entitled to avail themselves of the grievance process without fear of recrimination. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005).

Second, trumped-up disciplinary action violates an inmate's rights if the discipline is imposed in retaliation for the exercise of a constitutional right. *See, e.g., Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009); *Lekas*, 405 F.3d at 614; *Gomez*, 680 F.3d at 866 (transfer to a prison where the plaintiff had known enemies was deemed a "deprivation"). Here, the plaintiff has shown both that he engaged in protected activity and that he suffered adverse action.

Third, the plaintiff alleged that the disciplinary action was substantially motivated by retaliatory animus. According to the plaintiff, the defendant issued him a disciplinary report and fired him from his job assignment because he persisted in complaining about unsafe work conditions.

However, while the plaintiff's allegations may have been sufficient to withstand a motion to dismiss, his claim cannot survive a motion for summary judgment. "[T]here is no issue for

trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris* 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)) (internal punctuation omitted). In the case at bar, the plaintiff's conclusion that retaliation occurred is entirely speculative and unsupported by the evidence.

The defendant has shown that she would have taken the same action even without any retaliatory motive. *See Kidwell*, 679 F.3d at 967; *Greene*, 660 F.3d at 979; *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). Whether or not the defendant was irritated by the plaintiff's constant complaints about his work environment, she has articulated a legitimate, non-retaliatory reason for disciplining and discharging him: in response to her constructive criticism, which she viewed as a job duty, the plaintiff reacted in a manner that made her fear for her safety.

The plaintiff has failed to overcome--or even respond to--the defendant's reasonable explanation for her actions. Once a defendant shows that the challenged conduct would have occurred even in the absence of the plaintiff's protected activity, the plaintiff must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that retaliatory animus was the real reason for the decision. *Ellis v. CCA of Tennessee LLC*, 650 F.3d

640, 650 (7th Cir. 2011) (citing *Germano v. Int'l Profit Ass'n, Inc.*, 544 F.3d 798, 807 (7th Cir. 2008)) (Title VII retaliation cases). At the summary judgment stage of proceedings, "mere speculation" on the plaintiff's part is insufficient; instead, a plaintiff must come forward with some evidence of causation. *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 544 F.3d 752, 757 (7th Cir. 2008).

In sum, it is undisputed that the defendant initiated disciplinary proceedings and discharged the plaintiff due to his adverse reaction when the defendant chided him for poor work habits, and not because he complained about unsafe work conditions. There is no issue of fact for a jury to decide, and the defendant has established that she is entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment is granted. The record belies any inference that the defendant punished the plaintiff for engaging in activity protected by the First Amendment. The court is satisfied that, even viewing the record in the light most favorable to the plaintiff, no reasonable person could find that the defendant retaliated against him.

If the plaintiff wishes to appeal this final order, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-

meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment [#29] is granted. The Clerk is directed to enter judgment in favor of the defendant pursuant to Fed. R. Civ. P. 56. The case is terminated.

Date: August 28, 2013

_____
JAMES F. HOLDERMAN
United States District Judge